UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BURLINGTON STORES, INC.,<br><br>　　　　　Defendant. | Case No. 21-cv-08639-VKD<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION; DENYING MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT**<br><br>Re: Dkt. Nos. 14, 30 |

Pending before the Court are two motions: defendant Burlington Stores, Inc.'s ("Burlington") motion to dismiss plaintiff Fernando Gastelum's first amended complaint ("FAC") for lack of subject matter jurisdiction[1] (Dkt. No. 14), and Mr. Gastelum's motion for leave to file a supplemental complaint (Dkt. No. 30). These motions were deemed suitable for determination without oral argument.[2] Civil L.R. 7-1(b); Dkt. No. 27.

Upon consideration of the moving and responding papers, the Court finds that Mr. Gastelum's federal claim is moot and that the entire action should be dismissed. In addition, the Court denies Mr. Gastelum's motion for leave to supplement his complaint.

## I. BACKGROUND

Mr. Gastelum filed a complaint on November 5, 2021 and amended it on January 29, 2022,

---

[1] Burlington also requested an order declaring Mr. Gastelum a vexatious litigant. Dkt. No. 14. The Court addresses this aspect of Burlington's motion in a separate order.

[2] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

asserting claims under Title III of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12182 *et seq.*, and the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53. Dkt. No. 11 ¶¶ 22-28.  He seeks injunctive relief, as well as statutory damages, attorneys' fees, and costs. *Id.* ¶ 29.  According to the FAC, Mr. Gastelum is missing one leg and uses a wheelchair for mobility. *Id.* ¶ 1.  He alleges that on June 29, 2021 he visited a store located in Gilroy, California ("the Gilroy store") that was owned or operated by Burlington and encountered the following barriers that prevented him from having equal access to the store: (1) "Restroom door for public use at the Facility requires greater than 5 lbs of force to open;" (2) "Protruding objects reduce clear width of accessible routes between rows of merchandising displays;" and (3) "Clear width of accessible routes less than 32 inches between rows of merchandising displays." *Id.* ¶ 12.  He alleges that he is deterred from returning to the Gilroy store because of "his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site."[3]  *Id.* ¶ 20.

According to Burlington, Mr. Gastelum sent Burlington a demand letter on July 27, 2021, attaching a draft complaint identifying the above alleged barriers. Dkt. No. 14 at 2-3.  Burlington investigated Mr. Gastelum's allegations and promptly began remedying the barriers. *Id.* at 3.  Burlington says that remediation of the access barriers at the Gilroy store was fully complete on October 4, 2021, approximately one month before Mr. Gastelum filed his original complaint. Dkt. No. 14 at 3; Dkt. No. 14-2 ¶ 5.

On February 22, 2022, Burlington filed a motion pursuant to Rule 12(b)(1) to dismiss the FAC for lack of subject matter jurisdiction, arguing that Mr. Gastelum's federal claim was moot before he filed the action and that the Court lacks subject matter jurisdiction to entertain it. Dkt. No. 14 at 2-4.  In addition, Burlington argues that because the Court did not have original jurisdiction over the complaint, it may not exercise supplemental jurisdiction over Mr. Gastelum's related state law claim. *Id.* at 12.  In the alternative, Burlington argues that Mr. Gastelum lacks Article III standing with respect to his federal ADA claim because he cannot plausibly allege that

---

[3] Mr. Gastelum has not alleged nor provided any evidence of barriers other than the three barriers alleged in the FAC.

1  he intended to return to the Gilroy store or was deterred from doing so.  Dkt. No. 14 at 4, 6.

2  On August 22, 2022, after Burlington's motion to dismiss had been fully briefed,
3  Mr. Gastelum filed a motion for leave to file a supplemental complaint.  Dkt. No. 30.  In his
4  proposed supplemental complaint, Mr. Gastelum adds allegations pertaining to three additional
5  stores operated by Burlington located outside of this district in the cities of Bakersfield, Fresno,
6  and El Centro in California.  *See* Dkt. No. 31.  Mr. Gastelum says that he encountered barriers to
7  access at each of those stores on dates starting in June 2021 and ending in February 2022.  *Id.*

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

The Court has a continuing obligation to ensure that it has subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  A Rule 12(b)(1) motion to dismiss challenges a federal court's jurisdiction over the subject matter of a plaintiff's complaint.  A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings (a "facial attack") or by presenting extrinsic evidence (a "factual attack").  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In resolving a facial attack on jurisdiction, the record is limited to the complaint and materials that may be judicially noticed.  *See Hyatt v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir. 2017).  Additionally, the Court accepts well-pled allegations of the complaint as true, draws all reasonable inferences in Mr. Gastelum's favor, and determines whether his allegations are sufficient to support standing.  *Id.*

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Safe Air for Everyone*, 373 F.3d at 1039.  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations."  *Id.*  "Once the moving party has

United States District Court
Northern District of California

converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (internal quotations and citation omitted). As the party asserting federal subject matter jurisdiction, Mr. Gastelum bears the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### B.   Rule 15(d)

The Court may permit a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). While courts have broad discretion in deciding whether to allow a supplemental pleading and such pleading generally is favored, a supplemental pleading cannot be used to introduce a new and distinct cause of action. Matters newly alleged in a supplemental complaint must have some relation to the claim(s) set forth in the original pleading. *See Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988). Leave to file a supplemental pleading therefore may not be granted where the supplemental pleading involves a new and distinct cause of action that should be the subject of a separate suit. *See Planned Parenthood of So. Arizona v. Neely* (*"Neely"*), 130 F.3d 400, 402 (9th Cir. 1997).

## III.   DISCUSSION

The Court first considers whether it lacks subject matter jurisdiction because Mr. Gastelum's ADA claim in the FAC is moot. Then, the Court considers Mr. Gastelum's motion for leave to supplement his pleading.

### A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction Due to Mootness

Burlington raises a factual challenge to the Court's subject matter jurisdiction. Specifically, Burlington argues that because the evidence is undisputed that it had removed the alleged barriers Mr. Gastelum says he encountered at the Gilroy store before Mr. Gastelum filed his original complaint, his ADA claim was and is moot.

A claim may become moot if (1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or

4

events have completely and irrevocably eradicated the effects of the alleged violation. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (citing *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968); *Lindquist v. Idaho State Bd. Of Corrections*, 776 F.2d 851, 854 (9th Cir. 1985)). "Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). For the voluntary removal of the barriers to moot the ADA claim, there must not be a "sufficient likelihood that [the plaintiff] will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). "That is, [the plaintiff] must establish a 'real and immediate threat of repeated injury.'" *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). "A defendant claiming that its voluntary compliance moots a case bears a formidable burden." *Johnson v. Case Ventures, LLC* (*"Case Ventures"*), No. 5:19-CV-02876-EJD, 2020 WL 4747908, at *2 (N.D. Cal. Aug. 17, 2020) (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Servs.*, 528 U.S. 167, 170 (2000)).

"A jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Safe Air for Everyone*, 373 F.3d at 1039 (internal quotations and citation omitted). "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.* (internal quotations and citation omitted). "In ADA cases, the continuing existence of physical barriers is both a jurisdictional and substantive issue and accordingly, courts generally decline to dismiss ADA claims on mootness grounds unless there is no factual dispute that the alleged barriers have been remedied." *Johnson v. Reimal Fam. Ltd. P'ship* ("*Reimal Family*"), No. 20-CV-01192-WHO, 2021 WL 428631, at *3 (N.D. Cal. Feb. 8, 2021) (collecting cases). "Courts have held that where structural modifications are made, then it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to occur in the future since structural

modification[s] undo the offending conduct." *Johnson v. Opa Campbell LP* (*"Opa Campbell"*), No. 21-CV-01619-PJH, 2021 WL 3493712, at *3 (N.D. Cal. Aug. 9, 2021) (quoting *Zaldivar v. City of San Diego*, No. 15-CV-67-GPC, 2016 WL 5118534, at *10 (S.D. Cal. Sept. 21, 2016)); *see also Case Ventures*, No. 5:19-CV-02876-EJD, 2020 WL 4747908 at *3; *cf. Johnson v. Supakam Corp.*, No. 21-CV-04122-BLF, 2022 WL 767615, at *6 (N.D. Cal. Mar. 11, 2022) (not finding mootness where remedy to ADA complaint required daily compliance with employee policies).

Here, because Mr. Gastelum's mootness argument is intertwined with the merits, the Court must apply the summary judgment standard to Burlington's motion. *See Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987) ("[I]f the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.").

Burlington says that it remedied the structural barriers to access at the Gilroy store promptly after it received notice of them from Mr. Gastelum. Specifically, Burlington says that it reduced the force necessary to open the restroom door to no more than 4.8 pounds, and it expanded the paths of travel to be greater than 36 inches with no protruding objects. Dkt. No. 14 at 5-6; Dkt. No 14-1 ¶¶ 3-4. As evidence of these remedies, Burlington relies on the declarations of James Malatesta, Burlington's Senior Director of Facilities, and Christopher Whang, an attorney at the firm representing Burlington. Mr. Malatesta attests that as of October 4, 2021, interior paths of travel "had the requisite floor space" and that repairs to the restroom doors were made "to ensure they operated with 5 pounds or less of pressure." Dkt. No. 14-2 ¶¶ 4, 5. Mr. Whang asserts that as of February 12, 2022, "[t]he door requires a maximum of 4.8 pounds of force to operate" and details the type of pressure gauge used to measure the opening force of the restroom door ("a C.R. Laurence HMC035 Door Pressure Gauge"), and that "[a]t all points, the interior paths of travel had at least 36" wide of clear floor space" and that "[t]here was no product intruding into the paths of travel." Dkt. No. 14-1 ¶¶ 3, 4. His declaration includes photographs showing the paths of travel with a measuring tape illustrating the width of the path and the absence

of protruding objects. *Id.*

Mr. Gastelum does not dispute that all of the barriers he encountered had been removed as of October 4, 2021, as Mr. Malatesta attests, or that they remained so as of February 12, 2022, as Mr. Whang attests.[4] *See generally* Dkt. Nos. 19, 20. Instead, he argues that Burlington's evidence does not undermine his allegations that the barriers existed on the date of his alleged visit to the Gilroy store on June 29, 2021. Dkt. No. 19 at 5-6 ("[Mr. Whang] claims that the conditions in Plaintiff's photographs taken on June 29, 2021, do not accurately reflect the conditions at the Store. Mr. Whang admits that he inspected the Store on February 12, 2022, but this is seven months after Plaintiff encountered the barriers."). Mr. Gastelum appears to misunderstand the significance of Burlington's evidence. Mr. Malatesta's and Mr. Whang's declarations are offered as evidence that the barriers were removed *before the complaint was filed* and *no longer exist*, and not as evidence that they did not exist on the date of Mr. Gastelum's visit.

In addition, Mr. Gastelum appears to object to Mr. Whang's declaration because Mr. Whang is not an expert. This objection is not well-taken. Mr. Whang's declaration reports on objective measurements and other documentation showing the absence of the structural barriers alleged in the FAC as a factual matter. The Court is not persuaded that these observations cannot be made and attested to by a lay witness. Indeed, this district's General Order 56 "does not require any party to engage an expert including a Certified Access Specialist (CASp)." N.D. Cal. General Order 56; *see also Case Ventures*, No. 5:19-CV-02876-EJD, 2020 WL 4747908 at *3 (finding a detailed declaration sufficient to support a finding of mootness). Mr. Gastelum does not dispute Mr. Malatesta's statements regarding the remedies at the Gilroy store, but he takes issue with Mr. Malatesta's assertion that Burlington adheres to its policy of maintaining accessibility at each of its stores. Dkt. No. 19 at 6. However, that objection is not relevant to the claims Mr. Gastelum

---

[4] Furthermore, although Mr. Gastelum does not raise the argument that the alleged barriers were not structural, the Court observes that the barriers to access alleged by Mr. Gastelum—excessive door opening force and narrow paths of travel caused by product display racks—are structural in nature and therefore, after remediation, the barrier imposed "could not reasonably be expected to occur in the future." *Opa Campbell*, No. 21-CV-01619-PJH, 2021 WL 3493712, at *3; *see also Case Ventures*, No. 5:19–cv–02876–EJD, 2020 WL 4747908, at *1 (paths of travel are structural); *Reimal*, No. 20–cv–01192–WHO, 2021 WL 428631, at *1 (same).

has brought in this case, as he does not challenge Burlington's policies.

Because Burlington has met its burden of showing that there is no genuine dispute that the barriers to access Mr. Gastelum identified did not exist as of the date Mr. Gastelum filed his original complaint and still do not exist as of the date of Burlington's motion, the Court concludes that Mr. Gastelum's ADA claim is moot. Because the Court finds Mr. Gastelum's ADA claim is moot, it does not address whether he otherwise lacks standing to bring such a claim.

### B. Mr. Gastelum's Motion for Leave to File a Supplemental Pleading

Mr. Gastelum seeks leave to file a supplemental pleading adding allegations related to additional access barriers he encountered at three Burlington stores in addition to the Gilroy store. Dkt. Nos. 30, 31. His proposed "first amended supplemental complaint" ("supplemental complaint") alleges he encountered barriers at Burlington stores located in Bakersfield, CA, on July 2, 2021, Fresno, CA, on January 25, 2022, and El Centro, CA, on February 24, 2022. *See* Dkt. No. 31. The barriers encountered include the three structural barriers described above, plus other structural barriers, *e.g.*, "[t]he door to the fitting room required the twisting of the wrist," or "the service counter was higher than 36." *Id.* ¶¶ 22(d), 32(d). For each location, Mr. Gastelum generally alleges that he visited the store "with the intention to avail himself of their goods or services." *See, e.g., id.* ¶ 11. At some locations he purchased an item. *See, e.g., id.* ¶ 31. For each of the locations, including the Gilroy store, Mr. Gastelum alleges that he "is often in the area where the . . . Store is located." *Id.* ¶¶ 18, 28, 38, 48. That is, Mr. Gastelum alleges that he is "often" in Gilroy, Bakersfield, Fresno, and El Centro. Finally, for each location, Mr. Gastelum alleges either that he intends to return but has not done so, *id.* ¶ 49, or that he has returned but did not visit the store because of "his knowledge" that the store was inaccessible, *id.* ¶¶ 19-20, 30, 39-40.

Burlington opposes Mr. Gastelum's motion for leave on the following grounds: (1) the motion is untimely and reflects undue delay; (2) the motion is made in bad faith; (3) supplementation would be futile; (4) supplementation will not serve the interest of judicial

1    economy; and (5) supplementation would prejudice Burlington.[5]

2    In evaluating a Rule 15(d) motion, district courts within the Ninth Circuit apply the same legal standard for amending a pleading under Rule 15(a). *See Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) ("The legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as for amending one under 15(a)."). "The five factors commonly used to evaluate the propriety of a motion for leave to amend (and thus, a motion to supplement) are: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Absent prejudice or a 'strong showing' of any other *Foman* factor, there is a presumption in favor of granting leave to supplement." *Id.* (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Accordingly, the Court considers Burlington's arguments in light of the *Foman* factors in evaluating Mr. Gastelum's motion for leave.

### 1.    Undue Delay

Burlington argues that Mr. Gastelum unduly delayed in moving to supplement his pleading. As a preliminary matter, under Rule 15(d), Mr. Gastelum may only supplement his claim with a "transaction, occurrence, or event that happened *after the date of the pleading to be supplemented.*" *Id.* Many of the events in Mr. Gastelum's supplemental complaint occurred before January 29, 2022, the date Mr. Gastelum filed his FAC. *See* Dkt. No. 31. Only his visit to the El Centro store, on February 24, 2022, occurred after the date of that pleading. However, Mr. Gastelum waited six months after his visit to the El Centro store before filing his motion for leave to supplement. Dkt. No. 31 ¶ 41.

Mr. Gastelum does not explain the timing of his motion or provide any justification for his delay in seeking leave; he argues only that his motion "comes before any discovery or the entry of

---

[5] Burlington also argues that the motion is procedurally improper because Mr. Gastelum failed to comply with this district's Civil Local Rules. Dkt. No. 32 at 12-13.

1  a scheduling order."[6]  Dkt. No. 33 at 3.  Absent any explanation for the delay between when

2  Mr. Gastelum first learned of alleged barriers to access at the additional stores and when he filed

3  his motion, this factor favors denying the motion.  *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799

4  (9th Cir. 1991) (holding that an eight-month delay between the time of obtaining a relevant fact

5  and seeking leave to amend is unreasonable).

### 2. Bad Faith

Burlington argues that Mr. Gastelum's motion for leave to supplement is made in bad faith because he is attempting to avoid dismissal of his FAC and is engaging in improper forum shopping.  Dkt. No. 32 at 8.  Burlington contends that because Mr. Gastelum "has not, and cannot, refute the lack of subject matter jurisdiction, he has resorted to this motion."  *Id.*  Mr. Gastelum responds in conclusory fashion that "[s]treamlining of compliance with ADA's primary directive is not and cannot be 'bad faith.'"  Dkt. No. 33 at 3.

Seeking leave to amend or supplement a complaint to avoid a dispositive ruling may amount to bad faith.  *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (affirming that plaintiff acted in bad faith by seeking leave to add causes of action on which discovery had not been undertaken when facing a summary judgment motion); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (affirming finding of bad faith and dilatory motive where motion to amend was "obviously interposed by plaintiffs in an attempt to avoid summary judgment").  However, the Court is not persuaded that a finding of bad faith is warranted on this record, particularly in view of the fact that Mr. Gastelum is proceeding pro se and this case is at an early stage.

Nevertheless, given that Mr. Gastelum's supplemental allegations concern three stores located in the Eastern and Southern Districts of California, the Court questions Mr. Gastelum's proffered justification for seeking leave to supplement his pleading *in this action* with allegations concerning those stores.  As Burlington notes, Mr. Gastelum is a frequent litigant in the Eastern and Southern Districts of California.  *See* Dkt. No. 32 at 8.  He does not explain why he wishes to

---

[6] This is only partially correct: discovery is stayed but a scheduling order was entered on November 5, 2021—the same day Mr. Gastelum filed his complaint.  Dkt. No. 7.

1   assert claims against these others stores here, or whether it even would be proper to do so.
2   Indeed, Mr. Gastelum does not directly respond to Burlington's argument about improper forum
3   shopping.
4       While Burlington's concerns are well-taken, this Court lacks sufficient information to
5   conclude that Mr. Gastelum's effort to supplement his pleading reflects bad faith. On balance,
6   consideration of this factor is neutral.

### 3. Futility of Amendment

Burlington argues that Mr. Gastelum's proposed supplemental allegations are futile because he lacks standing to bring any claim based on his visits to the other stores. They argue that Mr. Gastelum has not alleged facts that would support a plausible inference that he has an intent to return to any of these stores, and cannot do so. Dkt. No. 32 at 9-10. As Burlington observes, a road trip from Gilroy to Fresno to Bakersfield to El Centro and then back to Gilroy (the route Mr. Gastelum appears to have traveled) is a trip of over 1000 miles. Moreover, Mr. Gastelum lives in Casa Grande, Arizona, which is over 200 miles from El Centro, California, the closest of these four locations. *See id.* at 10. In response to these observations, Mr. Gastelum cites two district court decisions declining to dismiss his claims for lack of standing.

To show standing, Mr. Gastelum must demonstrate that "he has suffered an injury-in-fact, that the injury is traceable to [the defendant's] actions, and that the injury can be redressed by a favorable decision." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (citation omitted). "In addition, to establishing standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, he must demonstrate a 'real and immediate threat of repeated injury' in the future." *Id.* (citation omitted). "[A]n ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Id.* at 944.

Mr. Gastelum appears to assert standing based on injury-in-fact coupled with an intent to return to these stores and deterrence from doing so. Dkt. No. 31. However, Mr. Gastelum's supplemental complaint does not adequately allege either deterrence or an intent-to-return to any

11

of the stores. Rather, he relies on bare assertions that he is deterred from returning to a given store because of his knowledge of the existing barriers and his uncertainty about the existence of possible other barriers at a given store. *See* Dkt. No. 31. He also states that he will return to each store to avail himself of its goods and services and to determine compliance with the disability access laws once it is represented to him that a store is accessible. *Id.* Several courts have found these kinds of allegations insufficient. *See Gastelum v. Blue Diamond Hosp. LLC*, No. 5:21-CV-06234-EJD, 2022 WL 4292957 (N.D. Cal. Sept. 16, 2022); *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1341 & 1345 n.3 (E.D. Cal. 2020) ("Mere conclusory assertions that an ADA plaintiff intends to return and is deterred from returning to a place are insufficient."); *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-CV-01409-HRL, 2017 WL 635474, at *7 (N.D. Cal. Feb. 16, 2017) ("[T]he injury alleged by the plaintiff—whether based on an intent to return or deterrence—cannot be based only on conclusory statements unsupported by specific facts."); *cf. Gastelum v. Parvarti Hospitality Inc., et. al.*, No. 21-CV-06235-BLF, 2022 WL 2812176, at *5 (N.D. Cal. July 18, 2022) ("The Ninth Circuit has held that allegations that a disabled plaintiff intends to visit a place of public accommodation but is deterred from doing so by non-compliance with the ADA are sufficient to establish standing to seek injunctive relief.").

The record presented in this action belies Mr. Gastelum's allegations that he intends to return to any of these stores and was deterred from doing so by his knowledge of barriers to access. As discussed above, in the case of the Gilroy store, it is undisputed that Burlington removed the barriers to access Mr. Gastelum identified at that store before he filed his original complaint. Dkt. No. 14 at 3. And he had been informed by Burlington that all such barriers had been removed. *Id.* Nevertheless, Mr. Gastelum says he visited the city of Gilroy on January 25, 2022 and May 18, 2022, but did not visit the Gilroy store on those dates, even though the barriers no longer existed. Dkt. No. 31 ¶ 20. This undermines Mr. Gastelum's allegations of intention and deterrence. Finally, as Burlington notes, there are many Burlington stores closer to Mr. Gastelum's home in Casa Grande, Arizona, and he has offered no explanation for why he might visit again any of the stores in California that he identifies in his supplemental complaint. Dkt. No. 32 at 10.

1    While the record is not sufficiently developed for the Court to determine whether Mr.
Gastelum would lack Article III standing with respect to his ADA claims regarding barriers at the three additional stores, this factor does not favor Mr. Gastelum's position and is, at best, neutral.

### 4. Judicial Economy

Burlington argues that permitting Mr. Gastelum to add allegations regarding the three other Burlington stores would not promote judicial economy. In addition to the pendency of its motion to dismiss Mr. Gastelum's FAC, Burlington points to the special procedures this district has adopted to manage cases regarding disability access barriers and argues that permitting supplementation now would upset this district's goals of promoting the efficient resolution of ADA claims. *See* Dkt. No. 32 at 10-11 (citing N.D. Cal. General Order No. 56). Mr. Gastelum does not directly respond to this argument, but contends as a general matter that "filing one case against the central authoritative entity . . . to achieve the same result as filing against each of 761± individual Burlington Stores achieves significant, indeed overwhelming, economy." Dkt. No. 33 at 3.

While leave to file a supplemental pleading is favored, it cannot be used to introduce a "separate, distinct and new cause of action." *Neely*, 130 F.3d at 402 (citing *Keith*, 858 F.2d at 473). "The purpose of General Order 56 is to encourage the parties to cooperate to resolve ADA claims quickly and efficiently with minimal cost." *Reimal Family*, No. 20-CV-01192-WHO, 2021 WL 428631, at *4. Here, Mr. Gastelum seeks leave to supplement his pleading by adding allegations concerning visits to stores located in different judicial districts at which he encountered alleged barriers to access well before he filed his FAC. Given the Court's conclusion that it lacks subject matter jurisdiction over Mr. Gastelum's original ADA claim concerning the Gilroy store, it is difficult to credit Mr. Gastelum's argument that his belated motion for leave promotes judicial economy. *See Neely*, 130 F.3d 400 at 402 (citing 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 2D § 1509).

Given the Court's determination that it lacks subject matter jurisdiction with respect to Mr. Gastelum's existing claim for alleged barriers at the Gilroy store, this factor strongly favors denying Mr. Gastelum's motion for leave.

13

### 5. Prejudice to Burlington

Burlington argues that granting Mr. Gastelum leave to supplement his complaint will prejudice them because it will increase their costs of litigation and prolong any discovery in the case. Dkt. No. 32 at 12. In response, Mr. Gastelum simply states that "every lawsuit is designed to prejudice [a] defendant." Dkt. No. 33.

Burlington's point here is modest but well-taken. If Mr. Gastelum prosecuted his claims regarding the three other stores in the judicial districts where those stores are located, Burlington may be able to limit its expenses by using local resources in each such district to defend against the claims, rather than defending here against claims arising from multiple, out-of-district locations.

\*\*\*

In view of the Court's decision on Burlington's motion for subject matter jurisdiction, and in consideration of the factors discussed above—particularly Burlington's strong showing of unexplained and undue delay—the Court denies Mr. Gastelum's motion to supplement his pleading.

## IV. JURISDICTION OVER UNRUH ACT CLAIM

Mr. Gastelum may have a claim for damages under the Unruh Act based on his encountering barriers to access at the Gilroy store on June 30, 2021, even if the Court does not have subject matter jurisdiction over Mr. Gastelum's ADA claim because that claim is moot. *See Whitaker v. Gundogdu ("Gundogdu"), Inc.*, No. 21-CV-03132-JSC, 2021 WL 5937659, at \*4 (N.D. Cal. Dec. 16, 2021) (explaining distinction between ADA claim and Unruh Act claim). Burlington argues that Mr. Gastelum's ADA claim was moot even before he filed his original complaint, and therefore, this Court never had original jurisdiction over his ADA claim. *See* Dkt. No. 14 at 6. Mr. Gastelum argues only that because other courts have found claims similar to his not to be moot, that his claim is not moot. *See* Dkt. No. 19 at 8. He does not take a position regarding whether the Court may or should retain jurisdiction over his state law claim notwithstanding its lack of jurisdiction over his ADA claim. *See* Dkt. No. 19.

Where a federal court has original jurisdiction over a claim pursuant to federal law, it also

has supplemental jurisdiction over related state law claims.  28 U.S.C. § 1367(a).  However, "supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it."  *Herman Fam. Revocable Tr. v. Teddy Bear* (*"Teddy Bear"*), 254 F.3d 802, 805 (9th Cir. 2001).  Simply, "supplemental jurisdiction cannot exist without original jurisdiction," and the supplemental jurisdiction statute requires that "state-law claims be dismissed where the district court had no underlying original jurisdiction."  *Id.* at 805-06.  Mr. Gastelum's Unruh Act claim is a state law claim for which this Court lacks original jurisdiction.  *See Wander v. Kaus*, 304 F.3d 856, 860 (9th Cir. 2002) (California law does not confer federal jurisdiction simply by incorporating the ADA).  Therefore, this Court's jurisdiction of the Unruh Act claim can arise only under its supplemental jurisdiction.

The Court agrees with Burlington that it lacked original jurisdiction over Mr. Gastelum's ADA claim because the claim was moot before the action was filed, and therefore, the Court may not exercise supplemental jurisdiction over his Unruh Act claim.  *Teddy Bear*, 254 F.3d at 805.  As explained above, the facts are undisputed that Burlington remediated the identified barriers to access as of October 4, 2021, before Mr. Gastelum filed his original complaint.

Alternatively, even if the Court had original jurisdiction over Mr. Gastelum's ADA claim and that claim only became moot in the course of the proceedings, this Court nevertheless possesses discretion to dismiss Mr. Gastelum's Unruh Act claim.  "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1029 (9th Cir. 2015); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997) ("[S]tate law claims 'should' be dismissed if federal claims are dismissed before trial.") (emphasis omitted).  Therefore, even if the Court had original jurisdiction over his ADA claim, it no longer does, and in these circumstances dismissal of the Unruh Act claim would

be warranted. *See Oliver*, 654 F.3d at 911 (no abuse of discretion declining supplemental jurisdiction under § 1367(c)(3) when ADA claims had been dismissed and state law claims might raise additional issues); *Gundogdu.*, No. 21-CV-03132-JSC, 2021 WL 5937659, at *4.

Accordingly, the Court dismisses Mr. Gastelum's Unruh Act claim without prejudice.

## V. CONCLUSION

For the reasons explained above, the Court grants Burlington's motion to dismiss Mr. Gastelum's FAC for lack of jurisdiction, and denies Mr. Gastelum's motion for leave to file a supplemental complaint.

**IT IS SO ORDERED.**

Dated: September 30, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge