UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>    Plaintiff,<br><br>v.<br><br>BURLINGTON STORES, INC.,<br><br>    Defendant. | Case No. 21-cv-08639-VKD<br><br>**ORDER DENYING MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT**<br><br>Re: Dkt. No. 14 |

Defendant Burlington Stores, Inc. ("Burlington") moves for an order declaring plaintiff Fernando Gastelum a vexatious litigant. Dkt. No. 14. Mr. Gastelum opposes the motion. Dkt. No. 19. The Court deemed the matter suitable for hearing without oral argument. Dkt. No. 27.

Burlington argues that Mr. Gastelum should be declared a vexatious litigant because Mr. Gastelum has filed many lawsuits it argues are frivolous, duplicative, and motivated by a desire to harass defendants. Dkt. No. 14 at 12-15. For the reasons explained below, the Court denies the motion.

District courts have the inherent power to order restrictive pre-filing procedures against vexatious litigants with abusive and lengthy histories of litigation. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *see also De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir.1990). Such orders, however, are "an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Restricting access to the courts is . . . a serious matter" that carries constitutional implications. *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014); see also *Molski*, 500 F.3d at 1057 ("Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a

litigant's due process right of access to the courts.").

Before issuing a pre-filing order, a district court must comply with the following requirements: (1) "the litigant must be given notice and a chance to be heard before the order is entered"; (2) "the district court must compile 'an adequate record for review'"; (3) "the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation"; and (4) "the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'" *Molski*, 500 F.3d at 1057 (quoting *De Long*, 912 F.2d at 1147-48) (internal citations omitted).[1] Because Mr. Gastelum's litigation conduct does not meet the "frivolous or harassing" requirement, Burlington cannot prevail on its motion.

Before declaring a litigant vexatious a court must "make substantive findings as to the frivolous or harassing nature of the litigant's actions." *Id.*; *see also Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) (sanctions appropriate for "frivolousness, harassment, or an improper purpose"). "To decide whether the litigant's actions are frivolous or harassing, the district court must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.* (citations omitted). "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Id.* (quoting *Moy v. United States*, 906 F.2d 467, 470 (9th Cir.1990)). And, specifically in the ADA context, the Ninth Circuit recognizes that repeat litigants' complaints may exhibit "textual and factual similarity." *Id.* at 1061 ("Accessibility barriers can be, and often are, similar in different places of public accommodation, and there is nothing inherently vexatious about using prior complaints as a template.").

Burlington argues that Mr. Gastelum's ADA claim *in this case* was frivolous. Dkt. No. 14 at 20. It says that because it informed Mr. Gastelum that the alleged barriers to access were remedied before he filed his complaint, it was frivolous for him to then file a lawsuit. *Id.* In addition, Burlington points to a sample of Mr. Gastelum's other ADA cases, all of which are based

---

[1] Burlington asks the Court to rely on factors articulated by the Second Circuit in *Safir v. United States Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986). The Ninth Circuit, however, has stopped short of requiring district courts to use this framework. *See Molski*, 500 F.3d at 1058.

on events that occurred over a relatively short period of time, and argues that it is "implausible" that he could have actually visited all of the places in that time period.² *Id.*

This showing falls well short of the Ninth Circuit's standard for declaring a litigant vexatious based on the nature of his litigation conduct. Although this Court dismissed Mr. Gastelum's ADA claim in this action as moot on the ground that the alleged barriers no longer exist, the Court did not find that his entire action lacked merit or was frivolous or harassing. In addition to his ADA claim, Mr. Gastelum's complaint includes a claim for damages pursuant to California' Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53. The Unruh Act provides a minimum statutory damages award of $4,000 "for each occasion an individual is denied equal access to an establishment covered by the Unruh Act. . . ." Cal. Civ. Code § 52(a). Burlington appears to acknowledge that on the date of Mr. Gastelum's alleged visit to the Gilroy store, structural barriers existed that required remediation. *See* Dkt. No. 14 at 3; Dkt. No. 14-2 ¶ 5 ("By October 4, 2021, Burlington had caused to be completed repairs to the restroom doors at the Facility to ensure they operated with 5 pounds or less of pressure."). While this Court declined supplemental jurisdiction over his state law claim, it dismissed that claim without prejudice.

As for the many other ADA cases Mr. Gastelum has filed, the record is not sufficiently developed for the Court to make the kind of substantive findings necessary to support a conclusion that Mr. Gastelum has engaged in a pattern of litigation misconduct characterized by the repeated filing of non-meritorious and harassing claims.

Accordingly, Burlington's motion to declare Mr. Gastelum a vexatious litigant is denied.

**IT IS SO ORDERED.**

Dated: September 30, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

² For example, Burlington's review of cases filed by Mr. Gastelum indicates he was present in Gilroy, CA, San Diego, CA, and Sacramento, CA all on June 30, 2021. Dkt. No. 14 at 13.